## H. C. HAMPTON *v.* J. C. MOSS.

**Bills and Notes—Assignment—Action by Assignee Against Assignor—Sufficiency of Petition.**

In an action by an assignee against assignor the petition must allege that the obligor has been prosecuted to insolvency, when the execution was issued, the consideration paid for the note, that the assignor promised to be responsible if the maker proved insolvent, that the assignor represented to the assignee that the maker was solvent when the note was assigned.

APPEAL FROM WARREN COURT OF COMMON PLEAS.

March 13, 1872.

OPINION OF THE COURT BY JUDGE PETERS:

By a very slight examination of the petition it will be seen that there is a total failure to state the facts necessary to show that the obligors of the note were prosecuted with proper diligence to legal insolvency.

It does not appear when they were sued, nor when the execution was issued against them; these dates so important to show due diligence are left blank. Besides, it appears from the petition that the note was sold and passed by delivery from Hampton to appellee, and he fails to allege what he gave for the note, or that Hampton assumed and promised to be responsible in case the makers of the note proved insolvent—to rebut the presumption that he was not liable by the sale and delivery of the note without an assignment of it. And he fails to aver that Hampton represented to him that Lowe & Hunt were solvent when he sold the note to him, and thereby induced him to take the note when he knew they were insolvent at the time.

In no view, therefore, in which the petition can be considered are the facts therein stated sufficient to constitute a cause of action against appellants.

Wherefore, the judgment is *reversed* and the cause remanded for a new trial and further proceedings consistent herewith.

*Rodes & Clark, for appellant.*